## H. E. MILLER v. LOVERENE & BROWNE COMPANY.

FILED OCTOBER 5, 1905.    No. 13,923.

1. **Error Without Prejudice.** When the answer fails to state a defense, but admits the plaintiff's cause of action, and the verdict and judgment are supported by the petition, errors occurring at the trial and in the giving and refusal of instructions are without prejudice.

2. **Pleading: ADMISSIONS.** If a defendant admits by answer or demurrer that he entered into a contract with plaintiffs by an associate name in which the suit is brought, such admission, without further explanation, is equivalent to an admission that the plaintiffs have sufficient capacity to bind and to be bound by the instrument, and to enforce the same in the contract name.

ERROR to the district court for Frontier county: ROBERT C. ORR, JUDGE. *Affirmed.*

*J. H. Lincoln* and *E. B. Perry,* for plaintiff in error.

*J. A. Williams* and *J. L. White, contra.*

AMES, C.

The petition alleges the execution and delivery by the defendants of two written guaranties to the effect that they would be bound to the plaintiffs to the extent of $342.49 for the payment of the purchase price of goods thereafter to be sold upon credit by the latter to one J. W. Moore, and that in consideration of and reliance upon said guaranties the plaintiffs had sold and delivered to said Moore goods upon credit to an amount exceeding said sum, for which payment had not been made, and for which judgment was prayed. The answer of defendant Miller "admits the execution of the guaranties herein sued upon; admits the selling of the goods mentioned in the

petition to J. W. Moore, and that said Moore paid thereon the sum of $101.24 (the amount of partial payment in excess of the amount sued for, alleged in the petition), and denies each and every other allegation contained in the petition not hereinafter admitted." The answer then alleges that at the time said guaranties were executed the defendants, or at least Miller, had some understandings and agreements with Moore respecting the purpose and effect of the instruments, and the extent and conditions of the liabilities of the guarantors, not expressed or implied by the language of the papers themselves, but it is not alleged that the plaintiffs were present or represented in person or by agent at the time the conversation or conversations were had, or knew of them until after the sale and delivery of the goods. It is further alleged that the plaintiffs were negligent in selling Moore upon credit goods to the amount of $447, or $105 in excess of the sum guranteed, thus contributing to his insolvency—but it is not alleged that he is in fact insolvent—and in neglecting and refusing to prosecute actions for the recovery of the amount from their principal. There was a reply and a trial, and a verdict and judgment for the plaintiff, from which defendant Miller prosecutes error.

Several errors are assigned for rulings admitting and excluding evidence, and for instructions given and refused, and because of alleged insufficiency of the evidence to support the verdict, but we think it quite clear that the answer not only fails to state a defense, but admits the plaintiffs' cause of action, and such errors, if any, were therefore without prejudice.

It is also objected that it is not alleged that the plaintiffs are a partnership doing business in this state, or a corporation either domestic or foreign, or for any such reason authorized to sue in their associate name. There was a demurrer on the ground that the plaintiffs have not legal capacity to sue, but it was overruled, and we think properly so, because it was disclosed on the face of the petition, and admitted by a general demurrer, and after-

wards by the answer, that the defendant had entered into the contracts with the plaintiffs by that name, which we think is equivalent, without further explanation, to an admission that the plaintiffs have sufficient capacity to bind and to be bound by the instruments, and to enforce the same in the contract name. If there are any facts or circumstances rebutting such presumption they should have been pleaded by the answer, and are now to be treated as waived.

For these reasons, we recommend that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.